

# THE ATTORNEY GENERAL
# OF TEXAS

**GERALD C. MANN**

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable J. F. Holubec
County Auditor
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. O-5010

Re:  Can the commissioners' court of a
county legally pay to a Depository
for county and school funds an a-
mount of money as a service charge
to the bank acting as such Deposi-
tory, and other related questions?

Your letter of December 8, 1942, request'ng the
opinion of this department on the questions stated therein
reads in part as follows:

"Please give me your opinion on the following:

"'Can the Commissioners Court of a county
legally pay to a Depository for County and School
Funds an amount of money as a service charge to
the Bank acting as such Depository, and if so,
can such money be prorated to the various funds
of the County and the funds of the various School
Districts, or must such payment, if permitted to
be paid, be taken out of the General Fund of the
County?

"Explanatory wish to state that in Lavaca
County we are confronted with a peculiar situation
and that is that we are not apt to get a bid for
County and School Depository for 1943-44 as no
bank desires to be depository because they all
claim it means a loss to them because of the re-
strictions placed upon banks by the Federal Gov-
ernment in making loans, and further the fluctu-
ating market on securities that they will be
compelled to put up as security for the County
and School Funds, which may likely result in a loss
to them.

"The laws relating to County Depository are
Art. 2544, 45-46-47, etc.

"Art. 2550. Deposits not applied for:
"Under this last Article it says that the Commissioners Court shall have the power, and it shall be their duty to deposit the funds of the County with any one or more banking corporations, etc.-- Any bank or banking concern receiving Deposits under this Article shall execute a bond in the manner and form provided for depositories of county funds, etc.

"The Article seems very simple, but there is no way in compelling a Bank under the circumstances of Art. 2550 to execute a bond.

"The biggest objection that the Banks have is the enormous work necessary in keeping the School Funds.

". . . ."

Chapter 2, Title 47, Vernon's Annotated Civil Statutes contains the statutes pertaining to county depositories. Article 2549 (Vernon's Annotated Civil Statutes) provides in part:

". . . . All county depositories shall collect all checks, drafts and demands for money so deposited with them by the county and when using due diligence shall not be liable on such collections until the proceeds thereof have been duly received by the depository bank, provided that any expense incurred in collection thereof by the depository, which the depository is not allowed or permitted to pay or absorb by reason of any act of Congress of the United States or any regulation by either the Board of Governors of the Federal Reserve System or the Board of Directors of the Federal Deposit Insurance Corporation, shall be charged to and paid by the county. . . ."

It is a well established principle of law that commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of the respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the state.

We have been unable to find any statute or constitutional provision authorizing the commissioners' court of a county to legally pay to a county depository any amount of

money as a service charge to the bank acting as such depository, except any expense incurred in collection of such proceeds by the depository, which the depository is not allowed or permitted to pay or absorb by reason of any act of Congress of the United States or any regulation by either the Board of Governors of the Federal Reserve System or the Board of Directors of the Federal Deposit Insurance Corporation, Article 2549, supra, expressly provides that such expenses so incurred shall be paid by the county. Therefore, in view of the foregoing statute your first question is respectfully answered in the negative, subject to the exception heretofore mentioned. This opinion is not to be construed that the above mentioned expenses are a service charge, but is to be construed as merely holding that the county is authorized to pay such expenses.

As we have answered your first question in the negative your second question contained in the first paragraph of your letter which reads:

"... can such money be prorated to the various funds of the County and the funds of the various School Districts, or must such payment, if permitted to be paid, be taken out of the General Fund of the County?"

requires no answer.

Article 2550, Vernon's Annotated Civil Statutes provides:

"If for any reason no applications are submitted by any banking corporation, association or individual banker to act as county depository or in case all applications shall be declined, then in any such case, the Commissioners Court shall have the power, and it shall be their duty to deposit the funds of the county with any one or more banking corporations, associations or individual bankers in the county or in the adjoining counties in such amounts and for such periods as may be deemed advisable by the Court. Any bank or banking concern receiving deposits under this Article shall execute a bond in the manner and form provided for depositories of county funds with all the conditions provided for same, the penalty of said bonds to be not less than the total amount of county funds deposited with such bank or banking concern. Acts 1905, p. 393; Acts 1917, p. 19; Acts 1935, 44th Leg., p. 394, ch. 152, § 1; 1 Acts 1937, 45th Leg., p. 1298, ch. 484, § 1."

It will be noted that under the provisions of the foregoing statute where no applications are submitted by any banking corporation, association or individual banker to act as county depository or in case all applications are declined, then in any such case, the commissioners' court shall have the power, and it shall be their duty to deposit the funds of the county with anyone or more banking corporations, associations or individual bankers in the county or in adjoining counties in such amounts and for such periods as may be deemed advisable by the court. Said statute further provides in part "Any bank or banking concern receiving deposits under this Article shall execute a bond in the manner and form provided for depositories of county funds with all the conditions provided for same, the penalty of said bonds to be not less than the total amount of county funds deposited with such bank or banking concern."

It is our opinion where any banking corporation, association or individual banker accepts any county funds as authorized by Article 2550, supra, said banking corporation, association or individual banker is required to execute the bond or bonds mentioned therein. Where such banking corporation, association or individual banker acts as county depository for the public funds of a county the law imposes upon them all the duties of a fully qualified and regularly appointed county depository (New Ansterdam Casualty Company v. First National Bank of Gilmer, Texas, et al., 134 S. W. (2) 470; Sullivan v. City of Galveston, 17 S. W. (2) 478, affirmed Texas Commission of Appeals, 34 S. W. (2) 808; Fidelity and Deposit Company of Maryland v. Missouri State Bank, 44 Fed. (2) 19).

Where there has been no selection of the county depository for trust funds, Section 14 of Article 2558a, Vernon's Annotated Civil Statutes, provides in effect that each county or district clerk having the custody by law of any money, evidence of debt, script, instrument of writing, or other legal proceeding, shall seal up in a secure package the identical money or other article received by him and deposit the same in some iron safe or bank vault.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
    Ardell Williams
    Assistant

AW:mp:wc

APPROVED DEC 21, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered And Approved In Limited Conference